UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANATHAN YALDO,

    Plaintiff,

Case No. 10-cv-11185

v.

HONORABLE STEPHEN J. MURPHY, III

DEUTSCHE BANK NATIONAL TRUST
COMPANY, COMERICA BANK,
ONEWEST BANK, FSP, and
ELECTRONIC REGISTRATION
SYSTEMS, INC.,

    Defendants.
                                   /

**ORDER DENYING DEFENDANTS' MOTION
TO DISSOLVE TEMPORARY RESTRAINING ORDER
<u>ISSUED BY MACOMB COUNTY CIRCUIT COURT</u> (docket no. 11)**

This case is a residential mortgage dispute. The action began in state court and was removed on the basis of federal-question jurisdiction. On March 8, 2010, before this case was removed, the state court issued, ex parte, a temporary restraining order restraining Defendants and their agents from "conducting any Eviction Proceedings or Sale of the property at 37025 Almont Drive, Sterling Heights, Michigan, 48310, until further order of this Court." *See* docket no. 11, Ex. 1. The state court also scheduled a hearing for March 22, 2010 for Defendants to show cause why an injunction should not issue during the pendency of the action. *Id.*

Defendants ask this Court to dissolve the temporary restraining order issued by the State court. The Court will deny the motion as moot. "The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties." *Wedgewood Ltd. P'ship I v. Twp. of Liberty*, 610 F.3d 340, 348 (6th Cir. 2010) (quotation marks omitted). Granting Defendants' motion would make no difference to parties' legal

interest in this case because the temporary restraining order has already expired. Even though the restraining order was issued by a state court, Rule 65 of the Federal Rules of Civil Procedure -- including the provision about the permitted length of a temporary restraining order -- began to apply once the action was removed to this Court. See Fed. R. Civ. P. 81(c) ("These rules apply to a civil action after it is removed from a state court."). More specifically, as the Supreme Court stated in *Granny Goose Foods, Inc. v. Bhd. of Teamsters and Auto Truck Drivers Local No. 70*, 415 U.S. 423 (1974), "[a]n ex parte temporary restraining order issued by a state court prior to removal remains in force after removal no longer than it would have remained in effect under state law, but in no event does the order remain in force longer than the time limitations imposed by Rule 65(b), measured from the date of removal." *Id.* at 439-40.

Accordingly, the temporary restraining order issued by the Macomb County Circuit Court can last no longer than 14 days, as per Rule 65(b)(1)(B)(2), regardless of the fact that the state court's order states it is in effect "under further order of this Court."[1] Accordingly, since this case was removed on March 24, 2010, the temporary restraining order issued by the Macomb County Circuit Court could be in force no longer than April 7, 2010, 14 days after the action was removed. The temporary restraining order, therefore, has expired and an order from this Court dissolving the order would be superfluous. The motion is properly considered moot.

If Plaintiff requests preliminary injunctive relief, he must file a motion seeking the relief. See E.D. Mich. LR 65.10 ("Requests for temporary restraining orders and

---

[1] The Court notes that even under Michigan's Court Rules, a temporary restraining order can last no longer than 14 days after it is issued unless it is extended by the court for good cause for a like period or the party against whom it is entered consents to extension. MCR 3.310(B)(3). So even were Michigan's court rules to apply in this case, which they do not, the temporary restraining order has expired even by their terms.

2

preliminary injunctions must be made by a separate motion and not be an order to show cause.").

**WHEREFORE** it is hereby **ORDERED** that Defendants' motion to dissolve the temporary restraining order issued by the Macomb County Circuit Court (docket no. 11) is **DENIED** as moot.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 20, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 20, 2010, by electronic and/or ordinary mail.

Alissa Greer
Case Manager