UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANATHAN YALDO,

    Plaintiff,

v.

DEUTSCHE BANK NATIONAL TRUST
COMPANY, as Trustee of IndyMac
INDX Mortgage Loan Trust 2005-AR6,
a foreign corporation, et al.,

    Defendants.

                                 /

Case No. 10-cv-11185

HONORABLE STEPHEN J. MURPHY, III

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** (docket no. 13)

Plaintiff Janathan Yaldo brought the present action in Macomb County Circuit Court on February 5, 2010 against OneWest Bank, FSB ("OneWest"); Deutsche Bank National Trust Company as trustee ("Deutsche Bank"); and Mortgage Electronic Registration Systems, Inc. ("MERS"), which was misidentified in the complaint as Electronic Registration Systems, Inc (collectively, "Defendants"). OneWest**,** with the concurrence of Deutsche Bank and MERS, removed the complaint to this Court on March 24, 2010.[1] Yaldo's complaint asserts claims for a temporary injunction against state law claims (Count I);

---

[1] Comerica Bank was also named as a defendant in the action. Defendants asserted in the notice of removal that Comerica Bank had not appeared in the matter and "it is unknown whether they have been served." Yaldo has not disputed defendants' assertion in this regard and has not objected to removal. Since the Court lacks the power to challenge the propriety of removal based on suspected procedural defects, *see Page v. City of Southfield*, 45 F.3d 128, 133 (6th Cir. 1995) ("Having found himself in federal court after removal, the plaintiff may want to stay there. . . .Thus, in the court's opinion, the power of *sua sponte* remand could deprive both parties of their preferred forum."), the Court will enter a separate order for Yaldo to show cause why the claim against Comerica should not be dismissed for lack of prosecution.

declaratory relief that the named defendants are not holders of the mortgage and rendering the debt null and void (Count II); Quiet Title (Count III); Civil Conspiracy (Count IV); Fraudulent Misrepresentation (Count V); Fraudulent Conversion (Count VI); Promissory Estoppel (Count VII); Breach of Contract (Count VIII); Violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605 (Count IX); and Violations of the Fair Housing Act, 12 U.S.C. § 3601 (Count X). Before the Court now is Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). On October 18, 2010, the Court entered an order dispensing with oral argument pursuant to Local Rule 7.1(f)(2). For the following reasons, the Court will grant Defendants' Motion to Dismiss.

**FACTS**

The following facts, laid out in the complaint and incorporated in Defendants' motion, are undisputed. On March 1, 2005, Yaldo executed an Adjustable Rate Promissory Note ("the Note") with IndyMac Bank, FSB ("IndyMac"), assignors of Deutsche Bank, in the amount of $142,788.00. To secure the debt, Yaldo signed a mortgage ("the Mortgage") naming MERS as his mortgagee, as a nominee for IndyMac. As part of the loan origination process, Yaldo also executed a Uniform Residential Loan Application, which he verified and signed under penalty of perjury.[2]

---

[2] Yaldo failed to include a copy of the Note, the Mortgage, or the loan application with his complaint. Defendants attached a copy of all three to their motion. When considering a motion to dismiss, the Court is generally limited to consideration of only the complaint and any exhibits attached the complaint. Fed. R. Civ. P. 12(b)(6) & 10(c). When the "plaintiff fails to attach the written instrument upon which he relies" to his complaint, however, the defendant "may introduce the pertinent exhibit which becomes part of the pleadings." *Yopp v. United States DOJ DEA*, No. 10-10118 , 2010 Dist. LEXIS 85354 (E.D. Mich., Aug. 19, 2010) (quoting *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997)). Because the Note, the Mortgage and the loan application are referred to in the complaint and are central to Yaldo's claims, the Court considers them part of the pleadings

On February 5, 2010, Yaldo commenced this case against Defendants and Comerica Bank.[3] Yaldo alleges that his loan originated from a loan application that inflated his income and understated expenses, liabilities, debt to income ratio and other non-disclosed items as required by federal law. Compl. ¶ 9. Yaldo also alleges that at the time of closing, he was not informed of charges that would later be assessed against him, and was never advised of the nature of the variable rate loan, his recision rights, or split charges and excess interest rate differentials. *Id.* ¶ 10. He further alleges that he was not informed of "various costs that were overinflated as shown on the HUD settlement statement including: origination fees, appraisal fees, Document preparation fees [sic], broker processing fees, lender underwriting fees, and a yield premium adjustment." *Id.*

Yaldo alleges that his "billing was sent with outrageous charges that were never disclosed and deductions from payments were made in a manner that kept adding on various late charges and other costs." *Id.* at ¶ 11. Finally, Yaldo asserts that in October, 2009 his agent sent out various administrative complaints, including a qualified written request ("QWR"), to Defendants and various federal agencies complaining of deceptive lending practices, and that he relied "upon the time provisions allowed by such a process that the foreclosure sale and eviction proceedings would be held in abeyance." *Id.* at ¶ 13. Yaldo also alleges that Deutsche Bank nevertheless initiated through counsel foreclosure proceedings on the property, which were set to take place on February 5, 2010. *Id.* ¶ 14.

---

for purposes of this motion. *See Greenberg v. Life Ins. Co. Of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999).

[3] The claims against Comerica arise from a second position mortgage Yaldo executed on the property.

**LEGAL STANDARD**

I. Fed. R. Civ. P. 12(b)(6)

Under Rule 12(b)(6), "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (citations omitted). In assessing a motion brought pursuant to Rule 12(b)(6), the Court must presume all well-pleaded factual allegations in the complaint to be true and draw all reasonable inferences from those allegations in favor of the non-moving party. *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008).

"To survive a motion to dismiss under Rule 12(b)(6) motion, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Hunter v. Sec'y of the U.S. Army*, 565 F.3d 386, 992 (6th Cir. 2009) (quoting *Advocacy Org. for Patients and Providers v. Auto Club. Ins. Ass'n,* 176 F.3d 315, 319 (6th Cir. 1999)). Although "a complaint need not contain 'detailed' factual allegations, its '[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland,* 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 137, 145 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief." *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

II. Fed. R. Civ. P. 9(b)

Fed. R. Civ. P. 9(b) requires that a party "state with particularity the circumstances constituting fraud." The Sixth Circuit has held that pursuant to Rule 9(b), a plaintiff must "1) specify the statements that the plaintiff contends were fraudulent, 2) identify the speaker, 3) state where and when the statements were made, and 4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008) (quoting *Gupta v. Terra Nitrogen Corp.*, 10 F. Supp. 2d 879, 883 (N.D. Oh. 1998)). At a minimum, the plaintiff must allege the "time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 972 (6th Cir. 2005). "Allegations of fraudulent misrepresentation must be made with sufficient particularity and with a sufficient factual basis to support an inference that they were knowingly made." *Coffey v. Foamex LP*, 2 F.3d 157, 161-62 (6th Cir. 1993) (citation omitted).

**ANALYSIS**

I. Yaldo has voluntarily dismissed his claims for fraudulent conversion and promissory estoppel.

Yaldo waived his claims for fraudulent conversion (Count VI) and promissory estoppel (VII) by stating in his response brief that he did not contest the elimination of these causes of action. The Court, therefore, dismisses these claims without analysis.

II. Yaldo's Remaining Counts Fail to State Valid Claims

A. Fraudulent Misrepresentation and Civil Conspiracy

Aside from his claim for fraudulent conversion, Yaldo asserts two other fraud claims for fraudulent misrepresentation and civil conspiracy. A claim of fraud requires the plaintiff to plead that: 1) the defendant made a material misrepresentation; 2) that it was false; 3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; 4) that he made it with the intention that it should be acted upon by Plaintiffs; 5) that Plaintiffs acted in reliance upon it; and 6) that he thereby suffered injury. *Hi-Way Motor Co. v. Int'l Harvester Co.*, 389 Mich. 330, 336 (1976) (internal quotations omitted).

Yaldo's complaint fails to meet the standards set forth in Rules 12(b)(6) and 9(b). Yaldo's claim for fraudulent misrepresentation alleges that Defendant "inflated various figures on the original loan application including but not limited to (a) inflated income, (b) understated expenses, understated liabilities, understated debt to income ratio and other non-disclosed items as required by Federal law." Compl. ¶36. Yaldo's counsel employed almost the exact same language in three previous actions already dismissed in this District, including one dismissed by the undersigned. *See Abro v. JP Morgan Chase Bank, N.A.*, No. 10-11949, 2010 U.S. Dist. LEXIS 119648 (E.D. Mich. Nov. 10, 2010) (Murphy, J.); *Battah v. Resmae Mortg. Corp.*, no. 10-11033, 2010 U.S. Dist. LEXIS 114699, *11 (E.D. Mich. Oct. 28, 2010) (Rosen, C.J.) ("Not surprisingly Plaintiff's counsel used this exact language in another action brought in this District, and the District Court ordered dismissal..."); *Mekani v. Homecomings Fin., LLC*; 10-10992, 2010 U.S. Dist. LEXIS 66822, *18-19 (E.D. Mich. July 6, 2010) (Borman, J.).[4]

---

[4] The Court is not bound by the rulings in *Mekani* or *Battah*, but it finds them both persuasive and adopts their reasoning herein.

As was the case in these previous actions, Yaldo's "fraud claim contains conclusory allegations which merely restate the elements of fraudulent misrepresentation. Such a formulaic recitation of the elements is exactly what the Supreme Court deemed insufficient to survive a motion to dismiss." *Battah,* 2010 U.S. Dist. LEXIS 114699 at *11 (citing *Twombly*, 550 U.S. at 555). Further, Yaldo does not deny that he verified the information in his loan application under penalty of perjury and "it is difficult to see how Plaintiff can claim that he reasonably relied on his own misstatements, particularly, when as his counsel conceded . . . Plaintiff signed the application attesting to the fact that the statements as to his income and liabilities were true." *Mekani*, 2010 U.S. Dist. LEXIS 66822 at *19.

Yaldo's complaint further alleges that he was not informed of various charges that were later assessed against him, and that he was never advised of the nature of his variable rate interest loan or other provisions in the Note. *Id.* ¶ 37. Yet Yaldo "does not explain how any of these provisions were false, claiming only that he wasn't informed of them." *Mekani*, 2010 U.S. Dist. LEXIS 66822 at *22. Finally, as the plaintiff did in *Battah*, Yaldo attempts to save his claim by referencing an audit report in his response brief and asserting that it meets the requirements of 9(b). Yaldo, however, does not offer any explanation for how the report supports the fraud claim. Therefore, the Court concludes that Yaldo has failed to properly allege a claim for fraudulent misrepresentation.

Moreover, a claim for civil conspiracy is not a cognizable claim by itself, but rather is defined by the tort that constitutes the underlying theory of liability. *Roche v. Blair*, 305 Mich. 608, 614-616 (1978). In all three actions previously dismissed in this District, the District Courts have found that the underlying theory of plaintiff's civil conspiracy claims was fraud. *See Battah*, 2010 U.S. Dist. 114699 at *13; *Mekani*, 2010 U.S. Dist. 66822 at *9-*10

7

n. 2. Because Yaldo has failed to establish the underlying tort of fraud, his civil conspiracy claim must also be dismissed. *See Battah*, 2010 U.S. Dist. LEXIS 114699 at *13.

B. Breach of Contract

Yaldo's complaint also fails to state a valid claim for breach of contract. The complaint merely asserts in conclusory terms that Yaldo was assessed illegal charges, and that he was assessed excessive interest rates, fees, penalties, and other illegal charges beyond "what was allowed for in the original contract." Compl. ¶¶ 58-59. Yaldo does not provide details as to what the original contract allowed nor does he state the nature of the interest rates, fees, penalties, or other charges which allegedly fall outside the scope of the original contract. *See Battah*, 2010 U.S. Dist. LEXIS 114699 at *15-*16 (internal citations omitted) ("Once again, the formulaic recitation of the elements of a claim [for breach of contract] without any supporting factual allegations is insufficient to survive a motion to dismiss."). Therefore, the Court dismisses Yaldo's contract claim as well.[5]

C. RESPA

Yaldo alleges that Defendants violated RESPA by "fail[ing] to respond in a proper and timely manner to Plaintiff's written request for validation, written request for a QRW investigation and correction of their account in violation of 12 USC Section 2605(e)," Compl. ¶ 67,[6] and by failing to allow proper time for investigation prior to initiating

---

[5] The Court notes that Yaldo's counsel filed his response brief without a page 13, which presumably includes arguments in defense of the breach of contract and RESPA claims. It is counsel's responsibility to make sure that the response brief was properly docketed, but the Court further notes that Yaldo's complaint is deficient on its face regardless of any argument that may have been contained in page 13.

[6] Plaintiff's response brief incorrectly identifies this statement as ¶ 63. The Court notes that the exact same allegation was included in ¶ 63 of the complaint at issue

foreclosure, *id.* ¶ 68.

To successfully plead a claim under RESPA, a plaintiff must allege actual damages. *Mekani*, 2010 U.S. Dist. LEXIS 66822 at *27. Even assuming that the Defendants did fail to respond to Yaldo's QWR, Yaldo does not properly plead that he suffered any actual damages from the failure. Although he seeks actual damages in his complaint, he does not plead any factual content establishing actual damages, nor does he mention damages in his response brief. *Battah*, 2010 U.S. Dist. LEXIS 114699 at *16 ("The complete absence of alleged damages warrants dismissal of Plaintiff's RESPA claim); *Mekani*, 2010 U.S. Dist. LEXIS 66822 at *27 ("Even if the Court were able to conclude that Plaintiff has adequately alleged that Defendant's responses were somehow inadequate, Plaintiff's RESPA claim fails for the additional reason that Plaintiff has alleged no actual damages attributable to Defendant's alleged failure to respond."). Therefore, the Court dismisses Yaldo's RESPA claim.

D. Fair Housing Act

Yaldo's claim that Defendants violated the Fair Housing Act is yet another claim identical to others previously dismissed by this and other judges in this District. Defendants assert that any allegations originating from the loan executed in 2005 are barred by the two year statute of limitations under the Fair Housing Act. 42 U.S. C. § 3613. The section provides that:

> An aggrieved person may commence a civil action in an appropriate United

---

in *Mekani*, and that the argument contained in Yaldo's brief is identical to the argument rejected by the Court in *Mekani*, yet another indication that counsel simply copied and pasted into his response brief arguments unsuccessfully made to other judges in this District.

9

> States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice, or breach of a conciliation agreement entered into under this subchapter, whichever occurs last, to obtain appropriate relief with respect to such discriminatory housing practice or breach.

*Id.*

Yaldo asserts in his response brief that the two-year statute of limitations period should be based on a letter sent October 22, 2009 and not on the loan origination period.[7] This argument was rejected by the Chief Judge Rosen in *Battah*, where he stated that "a letter alleging violations by the Bank Defendants does not qualify as a conciliation agreement under the statute." *Battah*, 2010 U.S. Dist. LEXIS 114699 at *17. The Court agrees, and finds that Yaldo's claim is time-barred to the extent that the allegations arise from the origination of the loan.

Further, even if the claims were not time-barred, the allegations would still fail as a matter of law because Yaldo provides no legal support for a theory of liability based on Defendants failure to respond to his QWRs. *Mekani*, 2010 U.S. Dist. LEXIS 66822 at *31-*32 ("With respect to Plaintiff's claim that Defendant violated the [Fair Housing Act] by failing to respond to his QWRs, Plaintiff provides no legal support for such a theory of liability."). Therefore, the Court dismisses Yaldo's claim for a violation of the Fair Housing Act.

E. Quiet Title and Declaratory Relief

Yaldo's claim for quiet title also fails as a matter of law. At the outset the Court notes

---

[7] Yaldo's brief simply states that the two year period should begin running from the time that "the attached letter" was sent during 2009. The brief does not specify the date of the letter or the exhibit where the letter is attached. The Court assumes that the letter is the October 22, 2009 letter of non-compliance referenced in Yaldo's complaint.

that Defendants assert in their brief, and Yaldo does not contest otherwise, that there has been no foreclosure, sheriff's sale, or any running of a redemption period that would legally divest Yaldo of title to his property. Because there are no competing claims to title, there is nothing to quiet. Moreover, the Court finds that Yaldo's claim fails to state a cause of action and adopts the ruling in *Mekani* that:

> Plaintiff in an action to quiet title bears the burden of establishing a prima facie case of title. Plaintiff has not sustained this burden. Plaintiff's claim to quiet title merely attacks the foreclosure process and does not address a legitimate title dispute. Plaintiff has cited no authority for his claim to quiet title under the facts of the case, and offers only the conclusory allegations that the Defendant is not the holder of the Note. . .and engaged in fraudulent activity at closing. . . .Plaintiff's failure to provide any legal or factual justification for his quiet title clam other than the conclusory allegations that the foreclosure was wrongful, invalid and voidable necessitates dismissal of his quiet title claim.

*Mekani*, 2010 U.S. Dist. LEXIS 66822 at *29-*30 (internal citations and quotations omitted).

To the extent that the complaint in this case differs from the complaint at issue in *Mekani*, the Court finds that the discrepancies do not dictate a contrary result. The additional allegation in the instant complaint is that Defendants are attempting to foreclose on Yaldo's property by a claimed right under Michigan's Foreclosure by Advertisement Statute, Compl. ¶ 26, and that "Under Michigan's Foreclosure Statute the Defendants cannot enforce a security agreement not supported by the debt instrument in their possession," *id.* ¶ 27(b). The District Court for the Western District of Michigan recently found, however, that "the Court finds no provision [in the foreclosure by advertisement statute] . . . requiring the mortgagee to present the original promissory note to the mortgagor for the foreclosure to be valid." *Stanton v. Federal National Mortgage Assoc.*, 2010 U.S. Dist. LEXIS 15905 at *9-*10 (W.D. Mich. Feb. 23, 2010). The Court agrees and dismisses Yaldo's claim to quiet title.

11

Further, Yaldo's "wholly derivative claim for declaratory relief," which is a procedural device by which substantive claims are vindicated, also fails to state a cause of action. *Mekani*, 2010 U.S. Dist. LEXIS 66822 at *30-*31 n.8. In his response brief, Yaldo asserts that MERS admits they did not "own any indebtedness in the mortgage" and therefore any assignment to Deutsche Bank is void. Even if MERS did not own any indebtedness on the mortgage, Yaldo cites no authority supporting his proposition that assignment to Deutsche is void and pleads no factual content in his complaint supporting this theory of liability. Therefore, his claim for declaratory relief that Defendants are not holders of the note and that the debt is null and void is dismissed.

### G. Injunction

As Yaldo concedes in his brief, the claim for injunctive relief "incorporates all the allegations set forth in Plaintiff's complaint and is stated as a remedy to prevent irreparable harm from occurring through foreclosure and eviction activities while the merits of the case is [sic] being decided." Pl. Resp. Br. 15. "An injunction is an equitable remedy, the purpose of which is to maintain the relative positions of the parties until proceedings on the merits can be conducted." *Vittitow v. City of Upper Arlington*, 43 F.3d 1100 (6th Cir. 1995) (internal citations omitted). In the Court's Order Denying Defendant's Motion to Dissolve Temporary Restraining Order As Moot, the Court held that "if Plaintiff requests preliminary injunctive relief, he must file a motion seeking relief." *See* E.D. Mich. LR 65.1 ("Requests for temporary restraining orders and preliminary injunctions must be made by a separate motion and not by order to show cause."). Further, the Court has already found that the other allegations in Yaldo's complaint on which the claim for injunction rests are deficient pursuant to 12(b)(6). Therefore, the Court dismisses Yaldo's claim for injunctive relief.

## ORDER

**WHEREFORE, it is hereby ORDERED** that Defendants' motion to dismiss (docket no. 13) is **GRANTED.**

**IT IS FURTHER ORDERED** that all claims against Defendants, OneWest Bank, FSB; Deutsche Bank National Trust Company as trustee ("Deutsche Bank"); and Mortgage Electronic Registration Systems, Inc. ("MERS"), which is misidentified in the complaint as Electronic Registration Systems, Inc, are **DISMISSED**, with prejudice.

**SO ORDERED.**

        s/Stephen J. Murphy, III
        STEPHEN J. MURPHY, III
        United States District Judge

Dated: November 30, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 30, 2010, by electronic and/or ordinary mail.

        Alissa Greer
        Case Manager